UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA (TAMPA)

CASE NO.: 8:21-cv-00361-SDM-AAS

BURT WIAND.,
as Receiver for EquiAlt, LLC et al.,

    Plaintiff,

        v.

FAMILY TREE ESTATE PLANNING, LLC, et al.

    Defendant.

# LIVE WEALTHY INSTITUTE, LLC & DALE TENHULZEN ANSWER AND AFFIRMATIVE DEFENSES

Defendant Live Wealthy Institute, LLC, and Dale Tenhulzen (collectively "LWI") answer the Receiver's Complaint as follows:

## GENERAL DENIAL

LWI denies all characterizations in headings in the Complaint, denies all allegations contained in the Complaint not specifically admitted herein, and denies each and every claim against LWI alleged in the Complaint.

## SPECIFIC DENIALS

**INTRODUCTION**

1. The allegations in this paragraph 1 purports to characterize a civil complaint, which speaks for itself. To the extent an additional response is required LWI is without

sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

2. The allegations in this paragraph 2 purports to characterize a civil complaint, which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

3. The allegations in this paragraph 3 purport to characterize an Order appointing Receiver, which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

4. The allegations in this paragraph 4 purport to characterize a Temporary Restraining Order, which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

5. The allegations in this paragraph 5 purport to characterize an Order, which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

6. The allegations in this paragraph 6 purport to characterize an Order appointing Receiver, which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

7. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and those allegations are therefore deemed denied.

8. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and those allegations are therefore deemed denied.

## JURISDICTION & VENUE

9. The allegations set forth in paragraph 9 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, LWI denies the allegations in paragraph 9 of the Complaint.

10. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and those allegations are therefore deemed denied; in particular, LWI denies the information in Exhibit 1 as it applies to them.

11-17. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 11-17 of the Complaint, and those allegations are therefore deemed denied.

18. Admitted.

19. Denied that Tenhulzen was at all times a citizen of the State of Wyoming; admits that he currently resides in Wyoming and that he solely owned and controlled LWI. The balance of the allegations are denied.

20-47. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 20-47 of the Complaint, and those allegations are therefore deemed denied.

48-49. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 48-49 of the Complaint, and those allegations are therefore deemed denied.

### OTHER PARTIES AND RELATED INDIVIDUALS AND ENTITIES

50-70. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 50-70 of the Complaint, and those allegations are therefore deemed denied.

### FACTS COMMON TO ALL CAUSES OF ACTION

71-72. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 71-72 of the Complaint, and those allegations are therefore deemed denied.

73-75. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 73-75 of the Complaint, and those allegations are therefore deemed denied.   In particular, LWI denies never disclosing to its investors the fees it received and further denies that its activities were illegal.

A.   *Insiders Operated EquiAlt Entities as a Common Enterprise*

76-80. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 76-80 of the Complaint, and those allegations are therefore deemed denied.

B. *Insiders Operated EquiAlt Entities as a Ponzi Scheme*

81-109. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 81-109 of the Complaint, and those allegations are therefore deemed denied.

110. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint, and those allegations are therefore deemed denied.; and LWI denies that it ever knowingly caused investors to invest in a fraudulent scheme.

111-113. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 111-113 of the Complaint, and those allegations are therefore deemed denied.

C. *Transfers to the Defendants*

114. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 114 of the Complaint, and those allegations are therefore deemed denied.

115. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 115 of the Complaint, and those allegations are therefore deemed denied. In particular, LWI denies Exhibit 1 as it applies to LWI.

116-118. Without knowledge and LWI demands strict proof.

## COUNT I

119. LWI re-alleges each response to the allegations contained in paragraphs 1-118.

120.-127. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 120-127 of the Complaint, and those

allegations are therefore deemed denied. In particular, LWI denies the allegations as it applies to LWI.

WHEREFORE, LWI respectfully requests the Court dismiss Count I, with prejudice, together with interest and costs, and such other and further relief as the Court deems just and proper.

## COUNT II

128. LWI re-alleges each response to the allegations contained in paragraphs 1-118.

129- 134. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 129-134 of the Complaint, and those allegations are therefore deemed denied. In particular, LWI denies the allegations as it applies to LWI.

WHEREFORE, LWI respectfully requests the Court dismiss Count II, with prejudice, together with interest and costs, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. For a First Affirmative defense, LWI would state that the venue for this action is improper pursuant 28 USC § 1391 (b) and should be transferred to Wyoming, the place of Defendant's residence and place of business pursuant to 28 USC § 1391(b) or in the alternative 28 USC §1404.

2. For a Second Affirmative defense, LWI would state that The Receiver lacks standing to assert the claims in the Complaint because the Receiver is authorized to assert claims only on behalf of the Receivership Entities, which suffered no injury from inter-company transactions because the Receivership Entities are the alter egos of each other.  Each Receivership Entity

was controlled by the alleged fraudster, the Insiders, and each Receivership Entity lacked honest members of their boards of directors and/or innocent stockholders.

3. For a Third Affirmative Defense, LWI would state that **Exhibit 1** attached to the Complaint (as it relates to LWI) demonstrates that the applicable four-year statute of limitation or within one-year after the transfer or obligation was or could reasonably have been discovered by the Plaintiff has expired pursuant to Fla. Stat 726.110 and the Fraudulent Transfer in Count I claim should be dismissed.  The Receiver has raised no facts which support the tolling of the Fla. Stat 726.110.  In addition, the applicable four-year statute of limitations pursuant to Fla. Stat. 95.11 to claims asserted in this Complaint have expired. The Receiver has raised no facts which support the tolling of Fla. Stat. 95.11.

4. For a Fourth Affirmative Defense, LWI would state that laches bars the equitable claim for Count II of the Complaint, Unjust Enrichment, in that the delay in filing this claim (more than 7 years) is unreasonable and the delay has prejudiced the Defendant.

5. For a Fifth Affirmative Defense, LWI would state that the Doctrine of Waiver forecloses the Receiver's claims. The Receiver has alleged that the Receivership Entities were merely sham entities and the alter egos of the Insiders. As such, the Receivership Entities had knowledge of the alleged misconduct allegedly perpetrated by the Receivership Entities and their Insiders and therefore have waived any rights to assert damages arising out of such conduct.

6. For a Sixth Affirmative Defense, LWI would state that the Doctrine of Estoppel forecloses the Receiver's claims, as the EquiAlt entities and their agents were the parties at fault and misled the Defendant into soliciting the putative illegal investments and receiving the putative illegal commissions. The Receiver has alleged that the Receivership Entities allegedly were the sham entities and alter-egos of the Insiders alleged to have perpetrated the alleged

misconduct that is the subject of this action. The Receiver therefore is estopped from recovering for the conduct of the Receivership Entities and those persons. Accordingly, under basic principles of equitable estoppel, the Receiver is barred from pursuing claims against LWI on the theory that the Receivership Entities maintained a separate existence from the Insiders or other wrongdoers.

7. For a Seventh Affirmative Defense, LWI would state the Receivership Entities are barred by the doctrine of *in pari delicto*.  See *O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1204 (11th Cir.2003) and any alleged damages set forth in Plaintiff's Complaint were partially or totally caused by the negligent or intentional acts or omissions on the part of EquiAlt's principals including Barry Rybicki and Brian Davison, who are non-parties to this lawsuit. These nonparties are at fault and responsible for Plaintiff's alleged damages. See *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993); *Nash v. Wells Fargo Guard Services, Inc.,* 678 So. 2d 1262 (Fla. 1996). See also *Freeman v. Dean Witter Reynolds, Inc*., 865 So.2d 543, 551 (Fla. 2d DCA 2003) (finding that *in pari delicto* barred a receiver's claims when the corporation was created by the wrongdoer to "dupe the customers").

8. For an Eighth Affirmative Defense, LWI would state the Receiver lacks standing as the Complaint's claims arising under state law, may only be brought by the EquiAlt investors. FUFTA, for example, provides recovery only for creditors. See *Friedman v. Heart Institute of Port St. Lucie,* 863 So.2d 189, 192 (Fla.2003).  A Receiver has no standing to represent the creditors and investors in their individual claims." *Miller v. Harding,* 248 F.3d 1127 (1st Cir.2000), 2000 WL 1792990.

9. For a Ninth Affirmative Defense, LWI would state Receiver's claim is barred by the alter ego doctrine. The Receiver is authorized to assert claims only on behalf of the Receivership

Entities, which may not recover for alleged fraudulent transactions if they are the alter ego of the alleged fraudster and, therefore, authorized the alleged fraudulent transactions. Based on the facts alleged in the Complaint regarding the level of direction and control by the Insiders over the Receivership Entities, and that the Receivership Entities acted as a common enterprise in carrying out the alleged fraud, the Receivership Entities were merely the alter egos of the Insiders and cannot seek recovery for transactions they authorized. For example, the Receiver alleges in the Complaint that all entities operated for the Insiders' personal benefit or profit and were essentially engaged in a Ponzi scheme. Complaint ¶ 92. The wrongful acts of the Insiders cannot be separated from the Receivership Entities for the purposes of the Receiver's claim.

10. For a Tenth Affirmative Defense, LWI would state Receiver's claim is barred by the doctrine of unclean hands. The Receiver has represented in his filings that the Receivership Entities are merely sham entities and alter egos of the Insiders and, thus, perpetrators of the wrongful acts giving rise to their claims. Because the Receivership purports to stands in the shoes of the Receivership Entities, the Receiver's claim is barred, just as the Receivership Entities' claims would be barred by the equitable doctrine of unclean hands.

11. For an Eleventh Affirmative Defense, Receiver's FUFTA claim against LWI is barred because any transfers LWI received were for value and in good faith without knowledge of any alleged wrongful or illegal conduct concerning the accounts at issue. LWI did not control any of the funds received by the Receivership Entities, nor did it have any knowledge that any of the funds were transferred for allegedly improper purposes. Furthermore, value was provided for those transfers to the extent the funds in the Receivership Entities' accounts were used for the stated purposes of the Receivership Entities.

12. For a Twelfth Affirmative Defense, the Receiver's claim against LWI is barred to the extent that any damages suffered by the Receivership Entities resulted from intervening, superseding causes. Any damages the Receivership Entities allegedly suffered resulted from the acts or omissions of third parties not under LWI's control or direction, including, but not limited to, the Receivership Entities, and any officers, directors, employees, or agents of the Receivership Entities. Accordingly, the Receivership Entities suffered damage as a result of their own actions, including the action of their own officers, directors, employees and agents. Therefore, LWI cannot be liable for any such actions.

13. For a Thirteenth Affirmative Defense, LWI would state that it relied on the advice of the attorneys for the Receivership Entities and Insiders and demands indemnification to the extent LWI is found liable for damages.

14. For a Fourteenth Affirmative Defense, LWI is entitled to a set-off on damages to the extent that the Receiver and/or any consumer and/or any creditor of the Receivership Entities receives any recovery from any other source or third-party. LWI is also entitled to setoff pursuant to the ruling in <u>LIU, et al v. SEC,</u> 140 S.Ct. 1936 (S. Ct. 2020) such that LWI's net profits are not exceeded.

    Law Offices of Allan M. Lerner, P.A.
    *Attorneys for LWI*
    2888 East Oakland Park Boulevard
    Fort Lauderdale, FL  33306
    Tel: (54)563-8111
    Fax: (954)563-8522
    E-Mail: allan@lernerpa.com


    <u>By:   /s/*Allan M. Lerner*</u>
    ALLAN M. LERNER
    FBN 0196681

## CERTIFICATE OF SERVICE

I, Allan M. Lerner, do hereby certify that on May 28, 2021, a true and correct copy of the foregoing document was electronically filed and served. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

> Law Offices of Allan M. Lerner, P.A.
> 2888 East Oakland Park Blvd.
> Ft. Lauderdale, FL 33306
> Telephone:   (954) 563-8111
> Facsimile:    (954) 563-8522
>
> By: /s/ *Allan M. Lerner, Esq.*
> ALLAN M. LERNER, ESQ.
> FBN: 196681
> allan@lernerpa.com
> joanne@lernerpa.com