# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BURTON WIAND, as
Receiver for EquiAlt
LLC, EquiAlt Fund,
LLC, EquiAlt Fund II,
LLC, EquiAlt Fund III,
EA SIP, LLC, EquiAlt
Secured Income Portfolio
REIT,

    Plaintiff,                                        Case No.: 8:21-cv-0361-SDM-AAS

v.

FAMILY TREE ESTATE
PLANNING, LLC, et al.,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, Burton W. Wiand, as Receiver for EquiAlt LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, EA SIP, LLC, and EquiAlt Secured Income Portfolio REIT (collectively, the "**EquiAlt Entities**"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 15(a)(2), hereby files this Motion for Leave to File Plaintiff's Amended Complaint, and in support thereof, states as follows:

    1.    On February 13, 2021, Mr. Wiand, as Receiver for the EquiAlt

1

Entities, filed the Complaint initiating this action against various Defendants.

2. In the time since the Complaint was initially filed, various Defendants have filed Answers and five (5) Defendants, including Joe Prickett, Jason Jodway, Todd Elliot, Barry Wilken, and REIT Alliance Marketing, LLC, have filed Motions to Dismiss.

3. Although Plaintiff opposes the relief sought in the above-mentioned Defendants' Motions to Dismiss, Plaintiff seeks leave to file an Amended Complaint updating allegations with respect to issues raised in those motions. More specifically, Plaintiff seeks leave to add allegations about subsequent transfers of funds to certain Defendants. A copy of the proposed Amended Complaint is attached hereto as **Exhibit 1**.

4. On July 20, 2021, the undersigned, in accordance with Local Rule 3.01(g), met and conferred with counsel for each of the Defendants in this action, and counsel for each of the Defendants, with the exception of Defendant Wilken, represented the Defendants are unopposed to the granting of this Motion.[1]

---

[1] Though Plaintiff is permitted to file an Amended Complaint under Fed. R. Civ. P. 15(a)(1)(B) as a matter of course with respect to at least Defendants Elliot, Wilken, and REIT Alliance Marketing, LLC, as those Defendants filed their respective Motions to Dismiss on July 1, 2021 and therefore are within the 21 day window under Rule 15(a)(1)(B), in the interest of judicial efficiency, Plaintiff met and conferred with counsel for each represented Defendant and seeks leave to file an Amended Complaint against all Defendants who have appeared so as to not

5. As will be more fully developed herein, the liberality afforded for leave to amend necessitates the granting of this Motion.

## MEMORANDUM OF LAW

Rule 15 provides, in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As stated by the Eleventh Circuit Court of Appeals:

> The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618 (11th Cir.1983). However, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 597 (5th Cir.1981). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598.

*Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984).

Therefore, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178,

---

unnecessarily complicate this action with separate complaints and various Motions for Leave.

182 (1962); *see also Jameson v. Arrow Co.*, 75 F.3d 1528, 1534-35 (11th Cir. 1996).

## ARGUMENT

As is evident from the Docket of this action, this case is still in its earliest stages, as responsive pleadings are still forthcoming and no discovery has taken place.  Furthermore, Plaintiff seeks leave of court, not for purposes of delay or with bad faith or dilatory motive, but rather to more fully develop and expand upon allegations in the Complaint, which will in no way prejudice the opposing parties.  Moreover, this is the only pleading that Plaintiff has sought leave to amend, and therefore, Plaintiff has not abused the liberal privilege afforded to amendments.  Thus, as there is no apparent or declared reason to not permit the leave sought by Plaintiff, the leave to amend should be freely given and this Motion granted.

WHEREFORE, Plaintiff, Burton W. Wiand, as Receiver for the EquiAlt Entities, respectfully requests this Court enter an order (i) granting this Motion, (ii) affording Plaintiff leave to file his Amended Complaint, and (iii) granting Plaintiff any such further relief that the Court deems just and proper.

## **LOCAL RULE 3.01(G) CERTIFICATION**

The undersigned hereby certifies that she has conferred, via email on July 20, 2021, with counsel for each Defendant in this action and only Defendant Wilken objects to the relief sought.

Dated: July 21, 2021

                                        Respectfully submitted,

                                        s/ **Katherine C. Donlon**
Katherine C. Donlon, FBN 0066941
kdonlon@jclaw.com
**JOHNSON, CASSIDY, NEWLON & DECORT P.A.**
2802 N. Howard Avenue
Tampa, Florida 33607
Tel.: (813) 291-3300

and

Jared J. Perez, FBN 0085192
jperez@guerraking.com
R. Max McKinley, FBN 119556
mmckinley@guerraking.com
GUERRA KING P.A.
5505 West Gray Street
Tampa, FL 33609
Tel: (813) 347-5100/Fax: (813) 347-5198

Attorneys for the Receiver
Burton W. Wiand

*Counsel for Burton W. Wiand, Receiver*

5

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 21, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send notification of electronic filing to all counsel of record.

I HEREBY FURTHER CERTIFY that on July 22, 2021, I will cause a copy of the foregoing to be sent via US Mail to all Non-CM/ECF participants listed on the following Service List.

s/ **Katherine C. Donlon**

# SERVICE LIST
*Burton Wiand v. Family Tree Estate Planning, LLC, et al.*
*Case No.: 8:21-cv-00361-SDM-AAS*

Seek Insurance Services, LLC
c/o James Gray
13702 W Chaparosa Way
Peoria AZ 85383

James Gray
13702 W Chaparosa Way
Peoria AZ 85383

Patrick Runninger
3961 E. Chandler Blvd., #111-369
Phoenix, AZ 85048

The Financial Group, LLC
c/o Patrick Runninger
3961 E. Chandler Blvd., #111-369
Phoenix, AZ 85048

Rokay Unlimited, LLC
c/o Anthony Spooner
829 St. James Lane
St. George, Utah 84790

Anthony Spooner
829 St. James Lane
St. George, Utah 84790

MASears LLC d/b/a Picasso Group
c/o United States Corporation Agents, Inc.
500 N Rainbow Road, Ste 300A
Las Vegas, NV 89107

DeAndre Sears
9400 Angelfish Drive
Las Vegas, NV 89117