**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA (TAMPA)**

**CASE NO.: 8:21-cv-00361-SDM-AAS**

BURT WIAND.,
as Receiver for EquiAlt, LLC et al.,

      Plaintiff,

         v.

FAMILY TREE ESTATE PLANNING, LLC,
et al.

      Defendant.

**DEFENDANTS LIVE WEALTHY INSTITUTE, LLC & DALE TENHULZEN ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendants, Live Wealthy Institute, LLC, and Dale Tenhulzen (collectively "LWI") answer the Receiver's Amended Complaint ("Complaint") as follows:

## <u>GENERAL DENIAL</u>

LWI denies all characterizations in headings in the Complaint, denies all allegations contained in the Complaint not specifically admitted herein, and denies each and every claim against LWI alleged in the Complaint.

## <u>SPECIFIC DENIALS</u>

**INTRODUCTION**

1.      The allegations in this paragraph 1 purport to characterize a civil complaint, which speaks for itself.  To the extent an additional response is required LWI is without sufficient

knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

2.        The allegations in this paragraph 2 purport to characterize a civil complaint, which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

3.        The allegations in this paragraph 3 purport to characterize an Order appointing Receiver, which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

4.        The allegations in this paragraph 4 purport to characterize a Temporary Restraining Order which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

5.        The allegations in this paragraph 5 purport to characterize an Order which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

6.        The allegations in this paragraph 6 purport to characterize an Order appointing Receiver which speaks for itself. To the extent an additional response is required LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations, and those allegations are therefore deemed denied.

7.         LWI denies the Receiver has a claim under the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, *et seq.,* as it applies to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and those allegations are therefore deemed denied.

8.         LWI denies that Receiver is entitled to recover the transfers allegedly made to Defendants or any subsequent transfers as it applies to LWI, and otherwise lacks knowledge or information sufficient to form a belief about the remaining truth of the allegations contained in this paragraph 8, and Defendants therefore deny said allegations.

9.         LWI denies the allegations of paragraph 9 as it applies to LWI, and otherwise, LWI lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph 9, and Defendants therefore deny said allegations.

10.         LWI denies the allegations of paragraph 10 as it applies to LWI, and otherwise, LWI lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph 10, and Defendants therefore deny said allegations.

**JURISDICTION & VENUE**

11.         The allegations set forth in paragraph 11 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, LWI denies the allegations in paragraph 11 of the Complaint.

12.         LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and those allegations are therefore deemed denied; in particular,  LWI denies that the Receiver is entitled to recover any transfer and denies information in Exhibit 1 as it applies to them.

13. – 19.  LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 13-19 of the Complaint, and those allegations are therefore deemed denied.

20.        Admitted

21.        Denied, that Tenhulzen is and was at all times a citizen of the State of Wyoming; admits that he currently resides in Wyoming and that he solely owned and controlled LWI. Defendants deny Receiver is entitled to recover the transfers reflected on Exhibit 1, and the remainder of the allegations are denied.

22.- 48.   LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 22-48 of the Complaint, and those allegations are therefore deemed denied.

49.-50.    No response required, nevertheless, LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 49-50 of the Complaint, and those allegations are therefore deemed denied.

51.-52.    The allegations set forth in paragraphs 51-52 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, LWI denies the allegations in paragraphs 51-52 of the Complaint.

### OTHER PARTIES AND RELATED INDIVIDUALS AND ENTITIES

53-66.     LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 53-66 of the Complaint, and those allegations are therefore deemed denied.

67.        LWI denies allegations that LWI received "commissions" or "finder's fees" and is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations set forth in paragraphs 67 of the Complaint, and those allegations are therefore deemed denied.

68.      LWI denies the allegations of paragraph 68 as it applies to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraphs 68 of the Complaint, and those allegations are therefore deemed denied.

69.      LWI denies the allegations of paragraph 69 as it applies to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraphs 69 of the Complaint, and those allegations are therefore deemed denied.

70. -74.      LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 70-74 of the Complaint, and those allegations are therefore deemed denied.

## FACTS COMMON TO ALL CAUSES OF ACTION

75-76.      LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 75-76 of the Complaint, and those allegations are therefore deemed denied.

77-79.      LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 77-79 of the Complaint, and those allegations are therefore deemed denied.  In particular, LWI denies never disclosing to its investors the fees it received, denies that its activities were illegal, and further denies that unjust enrichment is a proper remedy.

### A.  **Insiders Operated EquiAlt Entities as a Common Enterprise**

80.-84.  LWI is without sufficient knowledge or information to form a belief as to the truth the allegations set forth in paragraphs 80-84 of the Complaint, and those allegations are therefore deemed denied.

### B.  **Insiders Operated EquiAlt Entities as a Ponzi Scheme**

85-113. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 85-113 of the Complaint, and those allegations are therefore deemed denied.

114.   LWI denies the allegations in paragraph 114 as it applies to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraphs 114 of the Complaint, and those allegations are therefore deemed denied.

115.-117. LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 115-117 of the Complaint, and those allegations are therefore deemed denied.

### C.  **Transfers to the Defendants**

118. LWI denies the allegations of paragraph 118 as it applies to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraphs 118 of the Complaint, and those allegations are therefore deemed denied.

119.   LWI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 119 of the Complaint, and those allegations are therefore deemed denied. LWI denies Exhibit 1 as it applies to LWI and denies the Receiver is entitled to recover any alleged transfers pertaining to LWI.

120-124. LWI denies the allegations of paragraph 120-124 as to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraphs 120-124 of the Complaint, and those allegations are therefore deemed denied.

**COUNT I: Florida Statutes § 726: Uniform Fraudulent Transfer Act**

125.     LWI re-alleges each response to the allegations contained in paragraphs 1-124 as if fully set forth herein.

126.     LWI denies the allegations of paragraph 126 as it applies to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 126 of the Complaint, and those allegations are therefore deemed denied.

127.     LWI   is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 127 of the Complaint, and those allegations are therefore deemed denied.

128-133.   LWI denies the allegations of paragraph 128-133 as it applies to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 128-133 of the Complaint, and those allegations are therefore deemed denied.

WHEREFORE, LWI respectfully requests the Court dismiss Count I, with prejudice, together with interest and costs, and such other and further relief as the Court deems just an proper.

**COUNT II: Unjust Enrichment**

134.     LWI re-alleges each response to the allegations contained in paragraphs 1-124 as if fully set forth herein.

135- 140.   LWI denies the allegations of paragraph 135-140 as it applies to LWI and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 135-140 of the Complaint, and those allegations are therefore deemed denied.

WHEREFORE, LWI respectfully requests the Court dismiss Count II, with prejudice, together with interest and costs, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. For a First Affirmative defense, LWI would state that the venue for this action is improper pursuant to 28 USC § 1391 (b) and should be transferred to Wyoming - the place of Defendants' residence and place of business pursuant to 28 USC § 1391(b), or in the alternative, 28 USC §1404.

2. For a Second Affirmative defense, LWI would state that the Receiver lacks standing to assert the claims in the Complaint because the Receiver is authorized to assert claims only on behalf of the Receivership Entities, which suffered no injury from inter-company transactions because the Receivership Entities are the alter egos of each other.  Each Receivership Entity was controlled by the alleged fraudster, the Insiders, and each Receivership Entity lacked honest members of their boards of directors and/or innocent stockholders.

3. For a Third Affirmative Defense, LWI would state that Exhibit 1 attached to the Complaint (as it relates to LWI) demonstrates that the applicable four-year statute of limitations or within 1 year after the transfer or obligation was or could reasonably have been discovered by the Claimant has expired pursuant to Fla. Stat 726.110 and the Fraudulent Transfer in Count I claim should be dismissed.  The Receiver has raised no facts which support the tolling of Fla. Stat 726.110.  In addition, the applicable four-year statute of limitations pursuant to Fla. Stat. 95.11 to claims asserted in this Complaint have expired. The Receiver has raised no facts which support the tolling of Fla. Stat. 95.11.

4. For a Fourth Affirmative Defense, LWI would state that laches bars the equitable claim for Count II of the Complaint, Unjust Enrichment, in that the delay in filing this claim (more than 7 years) is unreasonable and the delay has prejudiced the Defendant.

5.   For a Fifth Affirmative Defense, LWI would state that the Doctrine of Waiver forecloses the Receiver's claims. The Receiver has alleged that the Receivership Entities were merely sham entities and the alter egos of the Insiders. As such, the Receivership Entities had knowledge of the alleged misconduct allegedly perpetrated by the Receivership Entities and their Insiders and therefore have waived any rights to assert damages arising out of such conduct.

6.   For a Sixth Affirmative Defense, LWI would state that the Doctrine of Estoppel forecloses the Receiver's claims as the EquiAlt entities and their agents were the parties at fault and misled the Defendant into soliciting the putative illegal investments and receiving the putative illegal commissions. The Receiver has alleged that the Receivership Entities allegedly were the sham entities and alter-egos of the Insiders alleged to have perpetrated the alleged misconduct that is the subject of this action.  The Receiver therefore is estopped from recovering for the conduct of the Receivership Entities and those persons. Accordingly, under basic principles of equitable estoppel, the Receiver is barred from pursuing claims against LWI on the theory that the Receivership Entities maintained a separate existence from the Insiders or other wrongdoers.

7.   For a Seventh Affirmative Defense, LWI would state the Receivership Entities are barred by the doctrine of *in pari delicto*. See *O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1204 (11th Cir.2003) and any alleged damages set forth in Plaintiff's Complaint were partially or totally caused by the negligent or intentional acts or omissions on the part of EquiAlt's principals, including Barry Rybicki and Brian Davison, who are non-parties to this lawsuit.   These non-parties are at fault and responsible for Plaintiff's alleged damages.  See *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993); *Nash v. Wells Fargo Guard*

*Services, Inc.,* 678 So. 2d 1262 (Fla. 1996).  See also *Freeman v. Dean Witter Reynolds, Inc*., 865 So.2d 543, 551 (Fla. 2d DCA 2003) (finding that *in pari delicto* barred a receiver's claims when the corporation was created by the wrongdoer to "dupe the customers").

8.  For an Eighth Affirmative Defense, LWI would state the Receiver lacks standing as the Complaint's claims arising under state law, may only be brought by the EquiAlt investors. FUFTA, for example, provides recovery only for creditors.  <u>See</u> *Friedman v. Heart Institute of Port St. Lucie,* 863 So.2d 189, 192 (Fla.2003). A Receiver has no standing to represent the creditors and investors in their individual claims." *Miller v. Harding,* 248 F.3d 1127 (1st Cir.2000), 2000 WL 1792990.

9.  For a Ninth Affirmative Defense, LWI would state Receiver's claim is barred by the alter ego doctrine.  The Receiver is authorized to assert claims only on behalf of the Receivership Entities, which may not recover for alleged fraudulent transactions if they are the alter ego of the alleged fraudster and, therefore, authorized the alleged fraudulent transactions. Based on the facts alleged in the Complaint regarding the level of direction and control by the Insiders over the Receivership Entities, and that the Receivership Entities acted as a common enterprise in carrying out the alleged fraud, the Receivership Entities were merely the alter egos of the Insiders and cannot seek recovery for transactions they authorized. For example, the Receiver alleges in the Complaint that all entities operated for the Insiders' personal benefit or profit and were essentially engaged in a Ponzi scheme. Complaint ¶ 92.   The wrongful acts of the Insiders cannot be separated from the Receivership Entities for the purposes of the Receiver's claim.

10. For a Tenth Affirmative Defense, LWI would state Receiver's claim is barred by the doctrine of unclean hands.  The Receiver has represented in his filings that the Receivership

Entities are merely sham entities and alter egos of the Insiders and, thus, perpetrators of the wrongful acts giving rise to their claims.   Because the Receivership purports to stand in the shoes of the Receivership Entities, the Receiver's claim is barred just as the Receivership Entities' claims would be barred by the equitable doctrine of unclean hands.

11. For an Eleventh Affirmative Defense, Receiver's FUFTA claim against LWI is barred because any transfers LWI received were for value and in good faith without knowledge of any alleged wrongful or illegal conduct concerning the accounts at issue.  LWI did not control any of the funds received by the Receivership Entities, nor did it have any knowledge that any of the funds were transferred for allegedly improper purposes. Furthermore, value was provided for those transfers to the extent the funds in the Receivership Entities' accounts were used for the stated purposes of the Receivership Entities.  Further, any alleged voidable transfers to LWI under Florida Statutes § 726.101, *et seq*., was in good faith and for reasonably equivalent value or LWI are subsequent transferees or obligees of persons who took in good faith and for reasonably equivalent value.

12. For a Twelfth Affirmative Defense, the Receiver's claim against LWI is barred to the extent that any damages suffered by the Receivership Entities resulted from intervening, superseding causes. Any damages the Receivership Entities allegedly suffered resulted from the acts or omissions of third parties not under LWI's control or direction, including, but not limited to, the Receivership Entities, and any officers, directors, employees, or agents of the Receivership Entities. Accordingly, the Receivership Entities suffered damage as a result of their own actions, including the action of their own officers, directors, employees and agents.  Therefore, LWI cannot be liable for any such actions.

13. For a Thirteenth Affirmative Defense, LWI would state that LWI relied on the advice of the attorneys for the Receivership Entities and Insiders and demands indemnification to the extent LWI is found liable for damages.

14. For a Fourteenth Affirmative Defense, LWI is entitled to a set-off on damages to the extent that the Receiver and/or any consumer and/or any creditor of the Receivership Entities receives any recovery from any other source or third-party.  LWI is also entitled to setoff pursuant to the ruling in *LIU, et al v. SEC,* 140 S. Ct. 1936 (S. Ct. 2020) such that LWI's net profits are not exceeded.

15. For a Fifteenth Affirmative Defense, to the extent LWI received any alleged voidable transfers under Florida Statutes § 726.101, *et seq*., any judgment is limited to the value of the transferred assets or amounts necessary to satisfy the individual claims, whichever is less.

16. LWI reserves all defenses (whether procedural, substantive, or otherwise), limitations, and specific provisions of the Federal Rules of Civil Procedure, which may prove applicable to the facts of the matter as disclosed through the discovery process or otherwise.

**JURY TRIAL DEMANDED**

Respectfully submitted,

Law Offices of Allan M. Lerner, P.A.
*Attorneys for Defendants Live Wealthy Institute, LLC, and Dale Tenhulzen*
2888 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Tel: (54)563-8111
Fax: (954)563-8522
E-Mail: allan@lernerpa.com

By:    /s/*Allan M. Lerner*
ALLAN M. LERNER
FBN 0196681

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 10, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send notification of electronic filing to all counsel of record.

I HEREBY FURTHER CERTIFY that on August 10, 2021, I will cause a copy of the foregoing to be sent via US Mail to all Non-CM/ECF participants listed on the following Service List.

> Law Offices of Allan M. Lerner, P.A.
> *Attorneys for Defendants Live Wealthy Institute, LLC, and Dale Tenhulzen*
> 2888 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Tel: (54)563-8111
> Fax: (954)563-8522
> E-Mail: allan@lernerpa.com
>
> By:___/s/*Allan M. Lerner*
> ALLAN M. LERNER
> FBN 0196681

# SERVICE LIST

Seek Insurance Services, LLC
c/o James Gray
13702 West Chaparosa Way
Peoria, AZ 85383

James Gray
13702 W. Chaparosa Way
Peoria, AZ  85383

Patrick Runninger
3961 E. Chandler Blvd., #111-369
Phoenix, AZ 85048

The Financial Group, LLC
c/o Patrick Runninger
3961 E. Chandler Blvd., #111-369
Phoenix, AZ  85048

Rokay Unlimited, LLC
c/o Anthony Spooner
829 St. James Lane
St. George, Utah 84790

MASears LLC d/b/a Picasso Group
c/o United States Corporation Agents,Inc.
500 N. Rainbow Road, Ste. 300A
Las Vegas, NV  89107

Anthony Spooner
829 St. James Lane
St. George, Utah 84790

DeAndre Sears
9400 Angelfish Drive
Las Vegas, NV 89117