UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON WIAND, as
Receiver for EquiAlt
LLC, EquiAlt Fund,
LLC, EquiAlt Fund II,
LLC, EquiAlt Fund III,
EA SIP, LLC, EquiAlt
Secured Income Portfolio
REIT,

    Plaintiff,

v.

FAMILY TREE ESTATE
PLANNING, LLC, et al.,

    Defendants.
_____/

Case No.: 8:21-cv-0361-SDM-AAS

## Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on September 15, 2021 via Zoom. The conference was attended by the following:

Kacy Donlon, Counsel for Plaintiff Burton W. Wiand, Receiver

Robert Mitchell, Counsel for Defendants American Financial Investments, LLC, American Financial Security, LLC, Family Tree Estate Planning, LLC, Tim Laduca, Marketing Dynamics Inc., Ronald Stevenson, Jason Wooten

Robert Wright, Counsel for Defendants Joseph Financial Inc. and Bobby Armijo

Jeffrey Garber, Counsel for J. Prickett Agency and Joe Prickett

Allen Lerner, Counsel for Defendants Live Wealthy Institute, LLC and Dale Tenhulzen

Andre Boniadi and Stephenie Anthony, counsel for Defendants Agents Insurance Sales, Ernest Babbini, John Friedrichsen, Lifeline Innovations & Insurance Solutions LLC, John Marques, Ben Mohr, Barry Neal, Greg Talbot, Barry Wilken

Kevin Majewski, Counsel for J. Wellington and Jason Jodway

Frank Borger-Gilligan, Counsel for Elliot Financial Group, Inc. and Todd Elliott

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 10/20/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 11/18/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 6/17/2022 |
| Defendant's deadline for disclosing any expert report. | 6/17/2022 |

| | |
|---|---|
| Deadline for disclosing any rebuttal expert report. | 7/1/2022 |
| Deadline for completion of fact discovery. | 6/3/2022 |
| Deadline for completing expert discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/12/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/5/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Howard Tescher, 401 E. Las Olas Blvd, Ste 1400, Ft. Lauderdale, FL 33301, 954-236-9600 | 7/15/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 1/13/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 1/30/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 2/13/2023 |
| Month and year of the trial term. | March 2023 |

The trial will last approximately 10 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

Plaintiff, Receiver for Receivership Entities involved in the EquiAlt ponzi scheme (see Case No. 20-cv-325), seeks to recover monies transferred by the Receivership entities to the defendants in furtherance of the underlying

3

ponzi scheme. Plaintiff's claims arise under Florida's Uniform Fraudulent Transfer Act as well as common law claims for unjust enrichment.

4. **Disclosure Statement**

☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects:
      Sales of EquiAlt securities
      Commissions/monies received by Defendants and subagents
      Reliance on advice of counsel
      Access to documents from related matters
      Representations by EquiAlt

   C. Discovery should be conducted in phases:

      ☐ No.
      ☒ Yes; fact and expert discovery.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒  No.
☐  Yes; describe the issue(s).

E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).
**The parties are discussing the need for a reasonably crafted protective order to protect the financial information of the Defendants and the EquiAlt investors.**

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

<u>**/s/ Katherine C. Donlon**</u>
Katherine C. Donlon (FBN: 0066941)
Johnson, Cassidy Newlon
& DeCort P.A.
2802 N. Howard Avenue
Tampa, FL  33607
(813) 291-3300
kdonlon@jclaw.com

*Counsel for Plaintiff Burton Wiand, as Receiver*

<u>**/s/ Robert D. Mitchell**</u>
Robert D. Mitchell
(admitted *pro hac vice*)
Tiffany & Bosco, P.A.
2525 E. Camelback, 7th Floor
Phoenix, Arizona 85016
(602) 255-6000
rdm@tblaw.com

*Counsel for Defendants American Financial Investments, LLC, American Financial Security, LLC, Family Tree Estate Planning, LLC, Tim Laduca, Marketing Dynamics Inc., Ronald Stevenson, Jason Wooten*

<u>**/s/ John Hubbard**</u>
John Hubbard
Hubbard Snitchler & Parzianello PLC
5/3 Center at Mercato
999 Vanderbilt Beach Road, Ste 200
Naples, FL 34108
(239) 325-1802

*Counsel for J. Wellington and Jason Jodway*

<u>**/s/ Frank R. Borger-Gilligan**</u>
Frank R Borger-Gilligan
(Admitted *pro hac vice*)
Dickinson Wright
424 Church Street, Ste. 800
Nashville, TN 37219
(615) 780-1106
fborgergilligan@dickinsonwright.com

*Counsel for Elliot Financial Group, Inc. and Todd Elliott*

| | |
|---|---|
| **/s/ Robert C. Wright** | **/s/ Jeffrey M. Garber** |
| Robert C. Wright | Jeffrey Mark Garber |
| (admitted *pro hac vice*) | Ciklin Lubitz & O'Connell |
| Wright, L'Estrange & Ergastolo | 515 N Flagler Dr., 20th Floor |
| 402 West Broadway | West Palm Beach, FL 33401 |
| Suite 1800 | (561) 832-5900 |
| San Diego, CA 92101 | service@ciklinlubitz.com |
| 619-231-4844 | |
| rwright@wlelaw.com | *Counsel for J. Prickett Agency and Joe Prickett* |
| *Counsel for Defendants Joseph Financial Inc. and Bobby Armijo* | |

| | |
|---|---|
| **/s/ Allan Lerner** | **/s/ Andre Boniadi** |
| Allan Lerner | Andre Boniadi |
| Law Offices of Allan M. Lerner, PA | (Admitted *pro hac vice*) |
| 2888 E Oakland Park Blvd | Beitchman and Zekian, PC |
| Ft Lauderdale, FL 33306 | 16130 Ventura Blvd., #570 |
| (954) 563-8111 | Encino, CA 91436 |
| allan@lernerpa.com | (818) 986-9100 |
| | aboniadi@bzlegal.com |
| *Counsel for Defendants Live Wealthy Institute, LLC and Dale Tenhulzen* | Stephenie Biernacki Anthony |
| | Anthony & Partners, LLC |
| | 100 S. Ashley Drive, Suite 1600 |
| | Tampa, FL 33602 |
| | (813) 273-5613 |
| | santhony@anthonyandpartners.com |
| | |
| | *Agents Insurance Sales, Ernest Babbini, John Friedrichsen, Lifeline Innovations & Insurance Solutions LLC, John Marques, Ben Mohr, Barry Neal, Greg Talbot, Barry Wilken* |