UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON WIAND, as Receiver for EquiAlt LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, EA SIP, LLC, EquiAlt Secured Income Portfolio REIT,

    Plaintiff,

v.

FAMILY TREE ESTATE PLANNING, LLC, et al.,

    Defendants.
    _____/

Case No.: 8:21-cv-00361-SDM-AAS

## PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL FILED BY ROBERT ARMIJO AND JOSEPH FINANCIAL, INC.

Comes now, Plaintiff Receiver Burton W. Wiand, and files his Opposition to the Motion to Compel filed by Defendants Robert Armijo and Joseph Financial, Inc. ("Defendants")(Doc. 145).

### I.   Introduction

Burton Wiand was appointed Receiver in *SEC v. Brian Davison, et al.*, Case No. 8:20-cv-00325-MSS-MGM ("SEC Action") on February 14, 2020. Wiand is the Receiver over numerous entities, including, but not limited to, EquiAlt LLC, EquiAlt Fund, LLC EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, EA SIP, LLC, and EquiAlt Secured Income Portfolio REIT, Inc. Pursuant

to the Order appointing him Receiver, Mr. Wiand brought this case to pursue fraudulent transfers made to the Defendants in the form of commissions, marketing fees and finders fees related to the sale of EquiAlt debentures.

In addition to this case, the Receiver sought and received the Court's approval in the SEC Action to hire the law firm of Johnson Pope "for the purpose of investigating and pursuing claims against law firms that provided legal services to EquiAlt and other Receivership entities." (Doc. 127 in SEC Action) Ultimately, the Receiver brought claims against DLA Piper, Fox Rothschild (collectively "the Law Firms") and Paul Wassgren in California ("California Action").

**II.    Interrogatory 4 – Request for Legal Malpractice Policy Limits**

Interrogatory 4: What are the legal malpractice insurance policy limits for the law firms for which Paul Wassgren worked, DLA Piper LLC and Fox Rothschild LLP?

Response: Any information that Plaintiff has as to insurance coverage is subject to a Confidentiality Agreement and can only be furnished with the consent of the insureds, or by court order after giving notice to the insured firms.

A. **DLA Piper and Fox Rothschild Do Not Consent to Production of the Requested Documents**

As stated in the Receiver's objection to Interrogatory #4, the Receiver is only in possession of potentially responsive information based on the Confidentiality Agreement entered into in the California Action. Pursuant to the terms of that Agreement, the Receiver cannot disclose any policies or information about the policies to anyone other than counsel and the mediator in the California Action without the written consent of the law firm named in the policy. Neither law firm consents to the production of this information. *See* Exhibit 1, Letter from J. Villa, counsel for DLA Piper, to K. Donlon.

B. **Rule 26 Does Not Apply In This Instance**

Under Fed. R. Civ. P. 26(A)(1)(a)(iv), a party must provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Although the production of insurance policies is generally favored, the typical scenario is where the insurance policy is insuring one of the parties to the case. *See* Advisor Committee's Note to 1970 Amendment to Rule 26(referencing the "defendant's" insurance coverage). In this case, that is not what the Defendants are seeking. Rather, the Defendants are seeking the policies that may underlie

3

the Receiver's claims against the Law Firms. Those claims are unrelated to those brought by the Receiver against the Defendants in this case.

Certainly, the Law Firms' insurance policies would not be used to "satisfy all or part of a possible judgment" in this case since there are no affirmative claims against the Receiver or the Law Firms. The second part of the Rule, allowing for the production of policies that would "indemnify or reimburse for payments made to satisfy the judgment" is equally inappropriate in this case. If in fact the insurance would indemnify or reimburse a judgment against the Defendants, then the Defendants would no doubt have a made a claim against the policies.

Further, any claim for indemnification would violate the Order of the SEC Action Court wherein "all persons . . . are enjoined . . . from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the Corporate Defendants and Relief Defendants." SEC Action at Doc. 11, ¶17, attached as Exhibit 2.  Claims against Mr. Wassgren and the Law Firms are assets of the Receiver and any alleged competing claim that Defendants might make are improper and violative of the SEC Action Court's Order.

## C. <u>Defendants' Affirmative Defense is a Red Herring</u>

Defendants argue that they need the requested information to support their Second Affirmative Defense. However, this affirmative defense is without foundation and legally inaccurate. Defendants asserted, "On information and belief, Receiver lacks standing to bring this action against Defendants because the Receiver already has assets, including claims against EquiAlt's former legal counsel, Paul Wassgren ('Wassgren'), sufficient to pay EquiAlt creditors and investors."

The Receiver's claims in this case relate to the fraudulent transfers made to the sales agents who sold EquiAlt in the form of commissions, marketing fees and/or finder's fees. The Receiver has asserted these claims as Receiver for the various EquiAlt Funds who paid these commissions both directly and through BR Support Services. The recovery sought by the Receiver is based on the commissions received by each sales agent and/or his corporate entity. It has nothing to do with the recovery by defrauded investors or other creditors of the Receivership Estate.

Defendants' arguments regarding the Receiver's standing is totally without basis. The issue of standing is essentially "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004). There is no question that the Receiver has standing to bring his fraudulent

5

transfer claims against the Defendants for the commissions that they received. *See SEC v. Davison*, Case No. 8:20-cv-00325-MSS-MGM, Dkt. 11 (M.D. Fla. Feb. 14, 2020), at 3 (authorizing Receiver to institute actions to recover "any transfers of money or other proceeds directly or indirectly traceable from investors in' EquiAlt's funds, including "recovery and/or avoidance of fraudulent transfers"). The fact that the Receiver may have claims against other defendants and may or may not be successful in those claims is irrelevant to the Receiver's claims against these defendants.

### D. Discovery Could Be Had From Other Sources

Clearly the best source for the information sought by the Defendants is the Law Firms themselves. However, the Defendants have not sent a subpoena to the Law Firms or sought to take a Rule 30(b)(6) deposition. Rather, they are attempting to the circumvent the ability of the Law Firms to object to this frivolous request.

### III.  Interrogatories 5-12 – Contention Interrogatories

Defendants acknowledge that Interrogatories 5-12 are contention interrogatories. Contention interrogatories are defined as "interrogatories that seek to clarify the basis for or scope of an adversary's legal claims." *See Government Employees Insurance Co. v. Clear Vision Windshield Repair, LLC*, 2017 WL 1438426 at *5 (M.D. Fla. Apr. 24, 2017 (quoting *Eller v. Liberty County, Ga.*, 2010 WL 2402770 at *1 (S.D. Ga. June 14, 2011)). In this case

however, the interrogatories are not seeking clarification of the Receiver's legal claims against the Defendants but rather clarification regarding the Receiver's claims against the Law Firms and are thus inappropriate.

Further, although contention interrogatories are widely propounded, they "occupy a somewhat disfavored status" in the Middle District of Florida. *See Oliver v. City of Orlando*, 2007 WL 3232227 at *3 (M.D. Fla. Oct. 31, 2007).[1] The Middle District Discovery Handbook provides as follows:

> Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions.

It is clear that the Defendants' interrogatories do not meet these parameters. They are not addressed to claims in this case, but in a totally unrelated case. Also, these interrogatories do not narrow the Receiver's claims in this case as the information is unrelated to his claims.

Further, pursuant to Rule 33(a)(2), "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." There has

---

[1] The cases cited by the Defendants in favor of their position are not from the Middle District.

been no formal discovery in the California Action as the case has been stayed for some time. To require the Receiver to answer these interrogatories on issues totally unrelated to the fraudulent transfer claims at issue in this case would be improper.

Finally, Defendants' argument regarding setoff is irrelevant and misleading. Defendants cite to the case of *SEC v. Elliott* for the proposition that a court can allow setoffs against a receiver. However, as this Court is well aware, the right to setoff only exists where there are mutual debts between the parties. *Elliott*, 953 F.2d 1560, 1572 (11th Cir. 1992). In this case, there is no debt owed by the Receiver to the Defendants, so the Defendants have no right to a setoff.

## IV.   CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court deny the Defendants' Motion to Compel.

                                      Respectfully submitted,

                                      **/s/** Katherine C. Donlon
                                      Katherine C. Donlon, FBN 0066941
                                      kdonlon@jclaw.com
                                      **JOHNSON, CASSIDY, NEWLON & DECORT P.A.**
                                      2802 N. Howard Avenue
                                      Tampa, FL 33607
                                      Tel: (813) 291-3300

                                      and

                               R. Max McKinley, FBN 119556
                               mmckinley@guerraking.com
                               **GUERRA KING P.A.**
                               1408 N. Westshore Blvd., Suite 1010
                               Tampa, FL 33607
                               Tel: (813) 347-5100
                               *Attorneys for Receiver Burton W. Wiand*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 26, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of electronic filing to all counsel of record.

I HEREBY FURTHER CERTIFY that on August 26, 2022, I caused the foregoing to be served via E-mail upon the parties listed on the following Service List.

                               **/s/** Katherine C. Donlon

## SERVICE LIST

*Burton Wiand v. Family Tree Estate Planning, LLC, et al.*
*Case No.: 8:21-cv-00361-SDM-AAS*

| | |
|---|---|
| James Gray ***and*** <br> Seek Insurance Services, LLC <br> 13702 W. Chaparosa Way <br> Peoria, AZ  85383 <br> jdginsurance@yahoo.com | Patrick Runninger ***and*** <br> The Financial Group, LLC <br> 3961 E. Chandler Blvd., #11-369 <br> Phoenix, AZ  85048 <br> prunninger@gmail.com |
| DeAndre Sears ***and*** <br> MASears LLC d/b/a Picasso Group <br> 9400 Angelfish Drive <br> Las Vegas, NV  89117 <br> andresears@msn.com | Anthony Spooner ***and*** <br> Rokay Unlimited, LLC <br> 829 St. James Lanie <br> St. George, UT  84790 <br> tspooner@1federal.com |