UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON WIAND, as Receiver for
EquiAlt LLC, EquiAlt Fund, LLC,
EquiAlt Fund II, LLC, EquiAlt Fund
III, EA SIP, LLC, EquiAlt Secured
Income Portfolio REIT,

    Plaintiff,
v.                                              Case No.: 8:21-cv-00361-SDM-AAS

FAMILY TREE ESTATE PLANNING,
LLC, et al.,

    Defendants.
_____/

## ORDER

Defendants Robert Joseph Armijo and Joseph Financial, Inc. (collectively, the defendants) move to compel for further responses to Interrogatory Nos. 4 and 5–12. (Doc. 145). Plaintiff Receiver Burton W. Wiand opposes the motion. (Doc. 152). The defendants replied in response to Mr. Wiand's opposition. (Doc. 160).

### I.    BACKGROUND

Mr. Wiand was appointed Receiver in *SEC v. Brian Davison, et al.*, Case No. 8:20-cv-00325-MSS-MGM (the SEC Action) on February 14, 2020. Mr. Wiand is also Receiver over several entities including EquiAlt LLC, EquiAlt

1

Fund, LLC EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, EA SIP, LLC, and EquiAlt Secured Income Portfolio REIT, Inc. As Receiver, Mr. Wiand brought this case to pursue alleged fraudulent transfers made to the defendants in commissions, marketing fees, and finders fees related to the sale of EquiAlt debentures.

Mr. Wiand received the court's approval in the SEC Action to hire the law firm of Johnson Pope "for the purpose of investigating and pursuing claims against law firms that provided legal services to EquiAlt and other Receivership entities." In a separate action, Mr. Wiand brought claims against DLA Piper, Fox Rothschild (collectively, the Law Firms) and Paul Wassgren in California (the California Action).

## II.   ANALYSIS

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla.

2

Oct. 31, 2007).

The defendants move to compel for further responses to Interrogatory Nos. 4 and 5–12. (Doc. 145). As an initial matter, this motion is untimely and could be denied on that basis alone.[1] However, the court will consider the merits of the defendants' motion to compel.

### A.     Interrogatory No. 4

Interrogatory 4 states:

> What are the legal malpractice insurance policy limits for the law firms for which Paul Wassgren worked, DLA Piper LLC and Fox Rothschild LLP?

The Receiver responded:

> Any information that Plaintiff has as to insurance coverage is subject to a Confidentiality Agreement and can only be furnished with the consent of the insureds, or by court order after giving notice to the insured firms.

(*See* Doc. 145, Ex. A).

Mr. Wiand states he is in possession of responsive information based on a confidentiality agreement entered in the California Action. Under that agreement, Mr. Wiand cannot disclose policies or information about the

---

[1] While the parties agreed to conduct discovery beyond the court ordered discovery deadline, this agreement does not impose a duty on the court to address belated discovery motions and disputes. The deadline for completion of discovery concluded on June 3, 2022. (*See* Docs. 117, 119). Neither party requested nor received an extension of the discovery deadline.

policies to anyone other than counsel and the mediator in the California Action without the written consent of the law firm named in the policy. Neither law firm consents to the production of this information. (*See* Doc. 152-1).

Under Federal Rule of Civil Procedure 26(A)(1)(a)(iv), a party must provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Here, the defendants are requesting the policies underlying the Mr. Wiand's claims against the Law Firms. Those claims are unrelated to those brought by the Receiver here and would not be used to satisfy any potential judgment. Thus, the defendants' motion to compel is denied as to Interrogatory No. 4.

### B.  Interrogatory Nos. 5–12

Interrogatory Nos. 5–12 state:

5.  Did Paul Wassgren advise Barry Rybicki that EquiAlt selling agents were allowed to sell EquiAlt investments without license or registration, in violation of securities laws, as the Receiver alleges in paragraph 57.G of the Los Angeles Complaint?

6.  If your answer to Interrogatory No. 5 is yes, state all facts on which you base your answer.

7.  Did Paul Wassgren advise numerous EquiAlt Funds selling agents that they were allowed to sell EquiAlt investments without license or registration, in violation of securities laws, as alleged in paragraph 57.G. of the Los Angeles

> Complaint?
>
> 8. If your answer to Interrogatory No. 7 is yes, state all facts on which you base your answer.
>
> 9. If you answer to Interrogatory No. 7 is yes, state the name, address, and telephone numbers of all of the sales agents to whom Wassgren gave this advice.
>
> 10. Was Paul Wassgren responsible for reviewing and approving investor questionnaires and subscription agreements before EquiAlt Funds debentures were sold to investors, as the Receiver alleges in paragraph 57.I. of the Los Angeles Complaint?
>
> 11. If your answer to Interrogatory No. 10 is yes, please state all facts on which you base your answer.
>
> 12. If you answer to Interrogatory No. 10 is yes, state the name, address, and telephone number of all persons with knowledge of facts relating to the allegation that Wassgren was responsible for reviewing and approving investor questionnaires and subscription agreements.

(*See* Doc. 145, Ex. A).

Both parties agree the above interrogatories are "contention interrogatories." (*See* Doc. 145, p. 4). Contention interrogatories attempt to clarify the basis or scope of the opposing party's legal claims. *Gov't Employees Ins. Co. v. Clear Vision Windshield Repair, LLC*, No: 6:16-cv-2077-Orl-28TBS, 2017 WL 1438426, at *5 (M.D. Fla. Apr. 24, 2017) (quotation and citations omitted). The Amendments to Rule 33 clarify that "[o]pinion and contention interrogatories are used routinely" and "can be most useful in narrowing and

sharpening issues." *See* Fed. R. Civ. P. 33, advisory committee's notes to the 1970 and 2007 amendments.

Nonetheless, the Middle District Discovery handbook cautions that contention interrogatories should be employed "sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions." Middle District Discovery (2015) at IV(C)(2); *see also Koster v. Landmark Amer. Ins. Co.*, No: 5:14-cv-689-Oc-37PRL, 2016 WL 3014605, at *4 (M.D. Fla. May 20, 2016). The discovery handbook also provides that interrogatories "purport[ing] to require a detailed narrative of the opposing parties' case [are] generally improper because they are overbroad and oppressive." Middle District Discovery at IV(C)(2).

The defendants' interrogatories do not meet these parameters. Interrogatories Nos. 5–12 do not address the claims in this case. Nor do these interrogatories narrow Mr. Wiand's claims here. Thus, the defendants' motion to compel is denied as to Interrogatory Nos. 5–12.

### III. CONCLUSION

The defendants' motion to compel (Doc. 145) is **DENIED**.

**ORDERED** in Tampa, Florida on September 14, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge