UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BURTON WIAND,**

    **Plaintiff,**

v.     Case No. 8:21-cv-361-SDM-AAS

**FAMILY TREE ESTATE PLANNING, LLC, et al.,**

    **Defendant.**
_____/

## ORDER

Defendants Robert Joseph Armijo and Joseph Financial, Inc. (collectively, the defendants) move to compel Receiver Burton Wiand's response to a deposition question about settlement. (Doc. 170). Receiver Wiand opposes the motion. (Doc. 194).

### I.     BACKGROUND

A February 14, 2020 order appointed Receiver Wiand in *SEC v. Brian Davison, et al.*, Case No. 8:20-cv-00325-MSS-MGM (SEC Action). He is the receiver over many entities, including EquiAlt LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, EA SIP, LLC, and EquiAlt Secured Income Portfolio REIT, Inc. Receiver Wiand brought this action to pursue alleged fraudulent transfers made to the defendants (and other sales

1

agents) through commissions, marketing fees, and finders fees related to the sale of EquiAlt debentures.

Receiver Wiand received approval in the SEC Action to hire the law firm of Johnson Pope. Receiver Wiand brought claims against DLA Piper and Fox Rothschild (collectively, the Law Firms) and Paul Wassgren in California (California Action). Additionally, classes of investors brought claims against the Law Firms00 in *Gleinn, et al. v. v. Wassgren*, Case No. 8:20-cv-01677-MSS-CPT (M.D. Fla.) (the *Gleinn* Action).

The parties in the *Gleinn* Action and the California Action agreed to a joint mediation. The joint mediation began in August 2021 and continues. The parties in the *Gleinn* Action and the California Action reached a tentative settlement agreement but all settlement conditions have not been met. Under the terms of the tentative settlement agreement, the parties agreed until those conditions were satisfied or waived, the parties would keep the agreement confidential.

On September 6, 2022, the defendants deposed Receiver Wiand in this action. During that deposition, counsel for the defendants asked about the amount of the tentative settlement agreement in the *Gleinn* Action and the California Action. Receiver Wiand's counsel instructed him not to answer. The defendants now move to compel Receiver Wiand's response to the deposition

question about the tentative settlement agreement. (Doc. 170). Receiver Wiand opposes the defendants' motion.[1] (Doc. 194).

## II.   ANALYSIS

Federal Rule of Civil Procedure 30(c)(2) allows an attorney to instruct a witness not to answer when necessary to preserve a privilege. Under Florida's Mediation Confidentiality and Privilege Act, Fla. Stat. §§ 44.401-06. "[a] mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." *Bahrakis v. Zimmerman*, No. 8:19-CV-2948-T-24SPF, 2020 WL 8872587, at *1 (M.D. Fla. Apr. 20, 2020). Under section 44.405, "all mediation communications shall be confidential," and a "mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." Fla. Stat. § 44.405(1). "'Mediation communication' means an oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of a mediation." *Id.* § 44.403(1). "'Mediation participant' means a mediation party or a person who attends a mediation in person or by telephone, video conference, or other electronic means." *Id.* § 44.403(2).

---

[1] Counsel for the Law Firms also oppose this motion to compel. (*See* Doc. 194-1).

3

The *Gleinn* Action and the California Action parties agreed to keep the tentative settlement agreement confidential and subject to the mediation privilege until the conditions in the agreement were met or waived. In addition, under Local Rule 4.03(g), M.D. Fla., the court in the *Gleinn* Action specifically noted that "[a]ll discussion, representations and statements made at the mediation conference are privileged settlement negotiations. . . . nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Fed. R. Evid. 408; Local Rule 4.03(g)." (*Gleinn* Action, Doc. 99, p. 13).

Further, Receiver Wiand's case against the Law Firms is pending in state court in California. California Evidence Code § 1119 states,

> No writing . . . that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

California Evidence Code § 1123 exempts "written settlement agreement[s]" from these protections, but only if one or more of these conditions are satisfied: (a) The agreement provides that it is admissible or subject to disclosure, or words to that effect; (b) The agreement provides that it is enforceable or binding or words to that effect; (c) All parties to the agreement expressly agree

4

in writing or orally under Section 1118, to its disclosure, or (d) The agreement is used to show fraud, duress, or illegality relevant to an issue in dispute.

The tentative settlement agreement states that until certain conditions are satisfied or waived, it is to remain confidential. Under California law, the information requested by the defendants is confidential. *See Lappe v. Superior Court*, (App. 2 Dist. 2014) 181 Cal. Rptr. 3d 510, 232 Cal. App. 4th 774 (mediation confidentiality applies when writing or statement would not have existed but for mediation communication, negotiation, or settlement discussion).

In applying either the law of Florida or California, the terms of the tentative settlement agreement are privileged and confidential until the settlement conditions are satisfied or waived.

### III. CONCLUSION

Accordingly, it is **ORDERED** that the defendants' motion to compel (Doc. 170) is **DENIED**.

**ENTERED** in Tampa, Florida on November 7, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

5